NICHOLAS C. FLOOD, Plaintiff in Error, v. BENJAMIN S. PRETTYMAN, Defendant in Error.

### ERROR TO TAZEWELL.

It is erroneous to refuse to allow a party to prove, that the personal property of a defendant in execution was sold *en masse*, collusively, with the intent to defraud creditors, against the remonstrance of the attorneys of the plaintiff in execution.

THIS was an action of replevin, brought by Prettyman against Flood, to recover a horse which had been levied upon by Flood, as constable, under an execution against William Trent. The suit was tried at the September term, 1859, of the Tazewell Circuit Court, before HARRIOTT, Judge, and a jury.

Declaration contained only one count, for taking one bay horse.

Defendant pleaded: 1. *Non cepit.* 2. Property in William Trent. 3. Property in Trent, and that defendant was a constable of Tazewell county; and that, by virtue of an execution in his hands in favor of S. W. Fuller, to the use of Calhoun, Sterling & Co., against William Trent, he levied upon the horse on the twenty-fifth of May, 1859, as the property of William Trent.

Issue joined on the pleas.

Trial by jury. Judgment for plaintiff. Motion for new trial overruled.

S. D. PUTERBAUGH, for Plaintiff in Error.

H. M. AND J. J. WEAD, and C. C. BONNEY, for Defendant in Error.

CATON, C. J. Upon the trial below, the defendant offered to prove by the sheriff, who made the sale of the horse to the plaintiff on an execution against Trent, " that the personal property of the said William Trent was sold *en masse*, and that there was collusion between the said Trent and plaintiff to defraud the creditors of the said Trent; and that said sale was made contrary to the orders of the attorneys of said Durkee & Bullock; and that the sale was made at the request of said Trent and the plaintiff; and that the property was sold *en masse*, and for a nominal sum. All of which the court refused to allow; to which ruling the defendant then and there excepted." This evidence the court refused to admit, and we think erroneously. If it were possible for that sale to have been collusive and fraudulent, so as to render it void as to

creditors, it was the right of the defendant to be allowed to introduce proof to establish such fraud. Whether the circumstances detailed in the offer were sufficient to establish the fraud in point of law, it is not necessary for us to say, but if they tended to prove the fraud, they should have been admitted. That they would have tended to, and even would have gone far to establish the fraud, we can have no doubt.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*